LILES, Judge.
This is an appeal by the State of Florida from an order of the Circuit Court of the Sixth Judicial Circuit quashing a warrant of arrest issued against S. Mastropanagio-tis. The same court had initially issued the warrant on August 25, 1970. The warrant called for the arrest of S. Mastropanagio-tis, the captain of the ship “Olympic Light,” for failure to report an unlawful discharge *727 of pollutants from his ship into Tampa Bay. The failure to report such a discharge is a violation of this state’s “Oil Spill Prevention and Pollution Control Act.” Gen.Laws of Fla. Ch. 70-244 § 4 (1970).
The arrest warrant was issued pursuant to an affidavit filed by Robert G. Campbell, an employee of the Department of Natural Resources, to the effect that Mas-tropanagiotis had failed to report a prohibited discharge from his ship. The Circuit Court Judge, Robert E. Beach, issued the arrest warrant after receiving the affidavit and after taking testimony of Campbell and of William Terry Tyler, who had been an eyewitness of the discharge from the ship. Judge Beach at that time determined that there existed probable cause for the arrest of Mastropanagiotis.
On September 4, 1970, Mastropanagiotis sought to have the warrant for his arrest quashed upon the grounds that it had- been issued without probable cause. On September 8, 1970, Judge Beach granted Mas-tropanagiotis’s motion to quash the warrant for his arrest.
Florida Statutes § 901.02, 1969, F.S.A. provides:
“When warrant of arrest to be issued.— A warrant may be issued, for the arrest of the person complained against if the magistrate, from the examination of the complainant and the other zuitnesses, if any, has reasonable ground to believe that any offense was committed within his jurisdiction * * (Emphasis supplied.)
Judge Beach issued the arrest warrant after examining the affidavit of Campbell and after taking the testimony of Campbell and Tyler. We have examined the affidavit and the transcript of Campbell’s and Tyler’s testimony and are of the opinion that there was probable cause shown from such so as to justify the issuance of the arrest warrant. The record clearly indicates that there was sufficient evidence before Judge Beach to establish that there was probable cause that there had been a violation of Chapter 70-244 and that Captain Mastropanagiotis had violated it. The arrest warrant, having been issued upon a showing of probable cause, was therefore valid. It should not have been quashed.
We therefore vacate the order quashing the arrest warrant and order that the arrest warrant be reinstated.
PIERCE, C. J., and McNULTY, J., concur.